**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROY LYNN BRADSHAW,

    Petitioner,

v.                                                  CASE NO. 8:03-CV-1960-T-30MAP
                                                                   8:02-CR-103-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **O R D E R**

Petitioner, an inmate in the federal penal system proceeding *pro se*, initiated this action by filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (CV Dkt. 1). The Government has filed a response to the motion (CV Dkt. 5), and Petitioner has filed a reply thereto (CV Dkts. 11). The matter is now before the Court for consideration on the merits.

### **Background**

On March 20, 2002, an indictment was issued charging Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) and 924(a)(2) (CR Dkts. 12 and 15). Pursuant to a negotiated plea agreement (CR Dkt. 19), Petitioner pled guilty as charged on June 12, 2002 (CR Dkt. 21). In his plea agreement, Petitioner expressly waived his right to appeal his sentence:

> . . . directly or collaterally on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18

>U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

CR Dkt. 19 at 12. Petitioner's guilty plea was accepted on July 3, 2002 (CR Dkt. 25), and this Court adjudicated him guilty. Petitioner was sentenced on October 8, 2002, to a 115-month term of imprisonment, to be followed by a 36-month term of supervised release (CR Dkt. 26). Petitioner judgment of conviction was entered on October 4, 2002 (CR Dkt. 28). Petitioner did not file a direct appeal.

On September 17, 2003, Petitioner timely filed this § 2255 motion asserting the following claims of ineffective assistance of counsel:

1. Trial counsel misinformed Petitioner about his possible term of imprisonment, which induced Petitioner to enter a plea;

2. Trial counsel failed to inform Petitioner that he could appeal his sentence; and

3. Trial counsel failed to object or correct inaccuracies in Petitioner's Presentence Investigation Report.

CV Dkt. 1. In its response to the Petition, the Government asserts that because Petitioner waived his right to appeal, directly or collaterally, in his plea agreement, the § 2255 motion should be denied (CV Dkt. 4). For the reasons set forth below, this Court agrees.

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on

collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

**Discussion**

The crux of Petitioner's complaint is that the sentence he received was greater than he expected to receive when he signed the plea agreement. When Petitioner executed his plea agreement, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. at 266-67. As set forth *supra*, pursuant to the plea

agreement Petitioner executed, he waived his right to appeal, directly or collaterally, any factual or legal finding made by the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the Government appealed. The waiver includes claims of ineffective assistance of counsel at sentencing. *See Williams*, 396 F.3d at 1342.

Petitioner negotiated an agreement with the Government regarding the disposition of his criminal charges and entered a guilty plea pursuant thereto (CR Dkt. 19). A guilty plea is not "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. . . , but a 'grave and solemn act,' which is 'accepted only with care and discernment.'" *United States v. Hyde*, 520 U.S. 670, 677 (1997) (citation omitted). One of the consequences of Petitioner's plea agreement is his waiver of the right to appeal his sentence, directly or *collaterally*. In this circuit, "[a] plea agreement is, in essence, a contract between the Government and a criminal defendant. Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. . . . [t]he plea agreement is . . . enforceable." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999) (emphasis added; citation omitted). *See also United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).

In *United States v. Jones*, the Eleventh Circuit stated:

[W]e have consistently considered written plea agreements to be part of the record of the Rule 11 hearing. *See United States v. Hourihan,* 936 F.2d 508, (11th Cir. 1991); *United States v. Bell,* 776 F.2d 965, 969 (11th Cir. 1985), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986). *See also United States v. Padilla,* 23 F.3d 1220, 1221-22 (7th Cir. 1994) (looking to written plea agreement to determine if defendant knew of mandatory minimum sentence). We hold that where a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with [and] [t]he defendant's substantial rights were not violated.

4

143 F.3d 1417, 1420 (11th Cir. 1998).  In the plea agreement, Petitioner was placed on notice that the charge to which he agreed to plead guilty carried a maximum sentence of ten (10) years imprisonment (CR Dkt. 19 at 2).  The magistrate judge addressed this issue during the Rule 11 plea colloquy, and Petitioner stated that he understood the nature of the charge to which he was pleading guilty and the consequences of the plea (CR Dkt. 33 at 9).  The magistrate judge also cautioned Petitioner regarding the guideline interpretations, stating: "Now, your lawyer may have given you some opinion about what he thinks the sentence will be in this case, or you may have come to some conclusion on you own.  But if the sentence is more severe than what you expected it to be, you will not be able to withdraw your plea of guilty . . . . Do you understand that the judge has the authority to give you a sentence more severe than what the guidelines range calls for?"  CR Dkt. 33 at 11-12.  Petitioner stated that he understood that his lawyer's estimate of the outcome at sentencing was simply a guess and might not be the sentence imposed by the Court (CR Dkt. 33 at 12).  Petitioner also stated that he understood that the "bargained for" agreements made in the plea agreement, namely, the low-end provision, acceptance of responsibility, and cooperation, were not binding on the Court (CR Dkt. 33 at 8-9).  Petitioner was only sentenced to a term of 115 months imprisonment (CR Dkt. 26).  The Government did not file an appeal. Thus, Petitioner's waiver of his right to challenge the guidelines sentence is controlling. *See Williams*, 396 F.3d at 1342.  *See also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).  Petitioner's claim clearly does not fall within the exceptions to his appeal waiver, which would have permitted him to appeal only an upward departure from his guidelines range, a sentence imposed in excess of the statutory maximum, or a sentence imposed in violation of law apart from the sentencing

guidelines.  *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

Petitioner waived his right to appeal, and he does not assert that he did not know that the appeal waiver was included in the plea agreement.  The Court finds that a thorough Rule 11 colloquy was conducted, including a determination that Petitioner was competent at the time he entered his plea, a detailed review of the terms of the plea agreement, the charges and the consequences of those charges, the rights Petitioner was giving up under the agreement, the waiver of the right to appeal, directly or collaterally, *see* CR Dkt. 33 at 13, the mandatory minimum sentence and maximum sentence, the factual basis for the charges, and the fact that Petitioner was entering his plea voluntarily and knowingly without any threats, force, or coercion, or any promises having been made to him that were not a part of the written plea agreement (CR Dkt. 33).  Petitioner acknowledged under oath that he had read the plea agreement and understood the terms thereof.  *Id.* When he executed the document, Petitioner certified that the he had read the agreement and understood its terms. *See* CR Dkt. 19 at 17. The magistrate judge reviewed the appeal waiver provisions of the plea agreement with Petitioner during the Rule 11 colloquy (CR Dkt. 33 at 11-12). Having reviewed the transcript of the Rule 11 colloquy and the plea agreement executed by Petitioner, the Court is satisfied that Petitioner understood the full significance of the waiver.

Statements by a defendant at the Rule 11 proceedings are accepted as conclusive unless he reasonably alleges why this should not be so. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1997).  Petitioner fails to meet this burden. There is nothing in the record to overcome the persuasive evidence of Petitioner's statements at the plea hearing. Petitioner cannot circumvent the terms of his plea

6

agreement merely because he does not like the outcome at sentencing.  *See Bushert*, 997 F.2d at 1350.

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Petitioner has had the benefit of his bargain – the Government is likewise entitled to the benefit of its bargain.  Petitioner was not promised anything that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner voluntarily and knowingly waived his right to collateral review of the claims presented in the § 2255.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (CV Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

SA:jsh